IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOLLAR TREE STORES INC, | No. C 10-325 SI; C No. 11-2696 SI |
| Plaintiff, | **ORDER DENYING DEFENDANTS' MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE** |
| v. | |
| TOYAMA PARTNERS LLC, *et al.*, | |
| Defendants. | |

Defendants have filed a motion for relief from Magistrate Judge Vadas' December 20, 2011 Order Compelling Production of Documents Pursuant to the Crime Fraud Exception to the Attorney Client Privilege. In the December 20, 2011 order, which was issued after Judge Vadas conducted an *in camera* review, Judge Vadas found that a limited number of documents support the application of the crime-fraud exception, and he ordered defendants to produce those documents to plaintiff. On December 23, 2011, the Court denied defendants' motion to stay the December 20, 2011 order pending the instant appeal. The appeal is fully briefed, and the parties have filed a copy of the documents at issue.

Defendants contend that the order must be set aside because Judge Vadas erroneously found that plaintiff had established a *prima facie* case of fraudulent conveyance. However, as plaintiff correctly notes, the Court previously rejected these arguments in its November 29, 2011 denying defendants' appeal of Judge Vadas' October 28, 2011 order requiring defendants to produce allegedly privileged communications for *in camera* review.

Defendants also contend that Judge Vadas erred by requiring the production of documents "not reasonably related to the alleged fraudulent transfer." Defendants assert that a review of the privileged

communications shows that many of the documents have "no relationship" to the Second Amendment to the Sale Agreement (the alleged fraudulent transfer), such as documents dated prior to April 17, 2011.[1] The Court has reviewed the documents and finds that Judge Vadas did not err in ordering production of pre-April 17, 2011 documents. Those documents relate to the sale of the shopping center and discuss the possibility that plaintiff will sue the new owner of the shopping center (Capella), and include numerous emails between Pau and his counsel (Matthews and Roberts) discussing the Second Amendment.

Finally, citing California case law and California Evidence Code section 956, defendants contend that Judge Vadas erred in ordering production of documents protected by the work product doctrine. However, "[u]nlike issues of attorney-client privilege, issues concerning the work-product doctrine are procedural and thus governed by Federal Rule of Civil Procedure 26(b)(3)." *Great American Assur. Co. v. Liberty Surplus Ins. Corp.*, 669 F. Supp. 2d 1084, 1090 (N.D. Cal. 2009). Federal courts have held that "the crime-fraud exception may be used to abrogate work product protection as well as the attorney-client privilege." *In re National Mortg. Equity Corp. Mortg. Pool Certificates Litig.*, 116 F.R.D. 297, 301 (C.D. Cal. 1987); *A. Farber and Partners, Inc. v. Garber*, 234 F.R.D. 186, 193 n.6 (C.D. Cal. 2006). Thus, even if the documents at issue are protected by the work product doctrine – an issue plaintiff disputes – Judge Vadas did not err by ordering that they be produced.

Plaintiff has requested the opportunity to depose, on an expedited basis, Pau, Matthews and Roberts regarding the subject matter of the produced documents. The Court GRANTS the request and orders the parties to immediately meet and confer to schedule the depositions. The depositions shall take place prior to **February 1, 2012.** Plaintiff may file a supplemental summary judgment brief of no more than 10 pages regarding the depositions and recently produced documents no later than **noon on February 6, 2012**, and defendants may file a supplemental response of no more than 10 pages by **noon on February 10, 2012**. The summary judgment motions are rescheduled to **February 17, 2012** at **9:00**

---

[1] Pau executed the Second Amendment on April 21, 2011. The documents ordered produced show that beginning on April 18, 2011, defendants' transactional counsel circulated a draft Second Amendment and revised Assignment to retroactively modify Capella's assumption of the lease. Defendants do not explain why they have selected April 17, 2011 as the date relevant to the Second Amendment.

2

**am.**

This order resolves Docket No. 431.

**IT IS SO ORDERED.**

Dated: January 19, 2012

SUSAN ILLSTON
United States District Judge